UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Ft. Myers Division)

Case No.

ROSA COLON,

    Plaintiff,

v.

TMX FINANCE OF FLORIDA, INC.,
a Foreign Profit Corporation

    Defendant.

_____/

**COMPLAINT**
**(Demand for Jury Trial)**

The Plaintiff, ROSA COLON, by her undersigned attorney, makes the following Complaint against the Defendant, TMX FINANCE OF FLORIDA, INC.:

**Jurisdiction and Venue**

1. This action is brought to redress violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 2617, and 28 U.S.C. § 1331.

2. The claims asserted in this action arose in Cape Coral, Florida, within this district and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. 216(b), 29 U.S.C. § 2617, and 28 U.S.C. § 1391.

1

## Parties

3. The Plaintiff, ROSA COLON ("COLON"), is and at all times relevant to this complaint was an adult citizen and resident of Lee County, Florida.

4. The Defendant, TMX FINANCE OF FLORIDA, INC. ("TMX FINANCE"), is and at all times relevant to this complaint was a foreign profit corporation incorporated in Delaware, headquartered in Savannah, Georgia, and conducts business pursuant to the laws of the State of Florida with several offices located throughout the state of Florida.

## General Allegations

5. Commencing in or about 2014, COLON was employed by TMX FINANCE in one of its stores in Cape Coral, Florida, where she was first hired as a Store Manager until the fall of 2019, and then was promoted to General Manager until her employment was terminated by Defendant on January 4, 2021.

6. TMX FINANCE is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or material that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store where

COLON was employed. At all times pertinent to this Complaint, TMX FINANCE operates as an organization which sells and/or markets its services and/or goods to customers outside and throughout the State of Florida, and obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Despite the "manager" references in the job titles that were assigned to COLON, her employment and actual job duties and responsibilities were not exempt from the requirements of 29 U.S.C. § 207.

8. In performing her job duties over the last three years prior to the filing of this lawsuit, COLON regularly worked in excess of 40 hours per week and was not paid overtime compensation.

9. On September 27, 2020, COLON's 12 year-old grandson, whom resided with her for the past 5 years and whom she had full custody of, tragically passed away. As a result of losing her grandson, COLON became depressed and was diagnosed with the same.

10. Shortly after her grandson's death, COLON, at the recommendation of her therapist, requested leave under the Family Medical Leave Act (FMLA). COLON contacted defendant's human resources department and submitted the necessary paperwork to apply for leave from November 24, 2020 until January 3. 2021.

11. COLON's request for leave was granted. On the last day that COLON worked before her approved leave was to begin, TMX FINANCE's Regional Vice President, Clifton Lewis, told COLON to leave her keys in the store and to never come back. Notwithstanding the Regional Vice President's illegal remarks to COLON, she advised him that her medical leave was approved through January 3, 2021 and that she would be back to work on January 4, 2021.

12. On January 4, 2021, COLON returned to work. A new General Manager (who took COLON's position) advised COLON that she could not clock in until she spoke to the District Manager. Since COLON's medical leave was approved, and since she had previously submitted a fitness-for-duty certification, and since she believed that the law required TMX FINANCIAL to reinstate her to her original position that she held just prior to taking leave, COLON clocked in. The General Manager then left the store to go the bank. In the interim, Mr. Lewis called COLON and told her to clock out and leave the office and wait for him to call her. COLON followed Mr. Lewis' directions and left the store.

13. Approximately two hours later, TMX FINANCE's human resources representative, Jason Bruce, called COLON to advise that she was terminated because of poor work performance.

14. The proffered reason for termination was pretextual as COLON's performance was not an issue and not the real reason that TMX FINANCE terminated her.

**First Claim: FMLA Violation**

15. COLON realleges and incorporates paragraphs 1 to 14 of this Complaint as if they were fully stated herein.

16. At all times relevant to this Complaint, COLON was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2), in that COLON had been employed by TMX FINANCE for more than 12 months and for more than 1,250 hours of service within the 12 months prior to November 24, 2020.

17. At all times relevant to this complaint, TMX FINANCE had more than 50 employees on each working day during each of 20 or more workweeks and was an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

18. COLON was entitled to FMLA leave pursuant to 29 U.S.C. § 2612(a)(1)(D) to recover from the serious health condition described above.

19. COLON gave timely notice of her need for a leave in compliance with 29 C.F.R. § 825.305(b).

20. TMX FINANCE did not request a medical certification from COLON in compliance with 29 C.F.R. § 825.305 and related rules, and did not give COLON 15 days to produce a complete and sufficient certification, as required by 29 C.F.R. § 825.305 and related rules.

21. COLON engaged in activity protected by the FMLA by submitting a request for medical leave.

22. Because the medical leave was granted, TMX FINANCE was well aware that COLON had availed herself of her rights under the FMLA.

23. TMX FINANCE took an adverse employment action against COLON by terminating COLON's employment.

24. TMX FINANCE terminated COLON's employment because COLON engaged in the protected activity described above, in violation of the FMLA, 29 U.S.C. § 2615(a).

25. TMX FINANCE acted willfully when it violated the FMLA.

26. Pursuant to 29 U.S.C. § 2617(a), COLON is entitled to recover her wages, salary, employment benefits, and other compensation lost to her by reason of the above-described FMLA violation, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## **Second Claim: FLSA Violation**

27. COLON realleges and incorporates paragraphs 1 to 14 of this Complaint as if they were fully stated herein.

28. At all times relevant to this Complaint, TMX FINANCE was an enterprise engaged in an industry affecting commerce and was an employer as defined by 29 U.S.C. § 203(d), which had employees engaged in commerce, including COLON, who were subject to the provisions of the FLSA.

29. For three years prior to the filing of this action, COLON regularly worked more than 40 hours in a workweek but was not paid one-and-one-half times her regular rate for the hours she worked in excess of 40, in violation of 29 U.S.C. § 207.

30. Although the two positions COLON held with Defendant contained the word "manager" in the title, COLON did not perform any management duties that would bring her within the ambit of the executive exemption, nor did COLON exercise the level of independent discretion in matters of significance in the performance of her job that would qualify her for the administrative exemption. Accordingly, COLON was non-exempt and thus entitled to overtime compensation when she worked more than 40 hours in any given workweek.

31. TMX FINANCE willfully, intentionally, and with reckless disregard for the statutory rights of COLON violated 29 U.S.C. § 207 by failing to pay her the premium overtime wages she earned for all hours worked in excess of 40 during each workweek.

32. Pursuant to 29 U.S.C. § 216(b), COLON is entitled to recover her unpaid overtime wages, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## Demand for Relief

WHEREFORE, Plaintiff requests judgment against Defendant for:

<u>As to the First Claim (FMLA violation)</u>

a. lost wages, the value of lost benefits, and other monetary losses in amounts to be proved at trial;

b. interest;

c. liquidated damages equal to the sum of the monetary losses and the interest requested above;

d. reinstatement or an award of future wage loss and such other equitable or injunctive relief as the court deems just;

As to the Second Claim (FLSA violation)

e. unpaid overtime wages in an amount to be proved at trial;

f. interest;

g. liquidated damages equal to the sum of the monetary losses and the interest requested above;

As to All Claims

h. an award of reasonable attorney's fees and the costs of this action; and

i. such further relief as is just.

Dated: February 10, 2021
Plantation, Florida

Respectfully submitted,

/s/ *Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*