UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA COLON,

    Plaintiff,

v.                                                       Case No. 2:21-cv-109-SPC-NPM

TMX FINANCE OF FLORIDA, INC.,

    Defendant.

**ORDER**

Before the Court is Plaintiff's Amended Unopposed Motion to Stay Proceedings Pending Arbitration (Doc. 8). Plaintiff Rosa Colon brought this action under the Family and Medical Leave Act, 29 U.S.C. § 2601 and the Fair Labor Standards Act, 29 U.S.C. § 201. Plaintiff claims she worked over forty hours per week for Defendant TMX Finance of Florida, Inc., but was not paid overtime wages. (*Id.*, ¶ 8). In addition, she claims she was unlawfully terminated under the FMLA. (*Id.*, ¶¶ 11-13).

In connection with her employment, TMX requested and Plaintiff electronically signed an Arbitration Agreement on July 9, 2015. Under the terms of this agreement, the parties agreed to the final and binding resolution by arbitration

of any claim against the other party, including claims related to Plaintiff's employment. (Doc. 8, p. 2; Doc. 8-1).

"A strong policy exists in favor of resolving disputes by arbitration." *Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, *1 (M.D. Fla. Nov. 12, 2019) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). Indeed, the Federal Arbitration Act ("FAA" or "the Act") provides, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Hudson Glob. Res. Mgmt., Inc. v. Beck*, No. 8:05-CV-1446-T-27TBM, 2006 WL 1722353, *3 (M.D. Fla. June 20, 2006) (quoting 9 U.S.C. § 2). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3 & 4)).

Accordingly, the Court **grants** the Amended Unopposed Motion to Stay Proceedings Pending Arbitration (Doc. 8). This matter is stayed subject to a motion to lift the stay for good cause. The parties will notify the Court by **September 15, 2021**, and every other month thereafter concerning the status of the arbitration, and

they will immediately notify the Court of the conclusion of the arbitration. The Clerk of Court is directed to administratively close the case until further order of this Court.

**DONE** and **ORDERED** in Fort Myers, Florida on March 15, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE